**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4190**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARVIN BELL JOHNSON,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge.  (5:06-cr-00178-BR-1)

Submitted:  August 29, 2007          Decided:  September 26, 2007

Before WILKINSON and MICHAEL, Circuit Judges, and WILKINS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Anne M. Hayes, Banumathi Rangarajan, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

On November 28, 2005, North Carolina State Highway Patrol Trooper J.C. Horniak stopped a vehicle in Cumberland County, North Carolina. Inside the vehicle were Marvin Bell Johnson and his girlfriend, Nichelle Renia Steele. Trooper Horniak asked Johnson for his license. Johnson told the trooper that his license was in the trunk. As Johnson stepped out of the vehicle, supposedly to retrieve his license, he picked up a .45 caliber handgun he had hidden under the driver's floor mat.

As Johnson approached the rear of the car, he removed the handgun and began shooting at Trooper Horniak. Johnson fired a total of seven shots at Horniak, striking him six times. An eyewitness to the shooting called 911; Horniak survived. Johnson was subsequently arrested at a Super 8 Motel in Fayetteville, North Carolina. In Johnson's hotel room, police recovered the gun used by Johnson.

A grand jury charged Johnson with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2000). Johnson pled guilty without the benefit of a plea agreement.

After Johnson's guilty plea, the probation office prepared a presentence investigation report. In the report, the probation officer noted that the guideline generally applicable to a violation of § 922(g)(1) was U.S. Sentencing Guidelines Manual

§ 2K2.1(a)(4) (2006), which called for a base offense level of 20. However, the probation officer concluded that, pursuant to the cross-reference in § 2K2.1(c)(1), the appropriate guideline was the guideline for attempted murder in § 2A2.1. The probation officer then determined that the appropriate base offense level was 33, as the object of the offense would have constituted first degree murder. The officer then recommended a four level increase under § 2A2.1(b)(1)(A) because the victim sustained permanent or life-threatening injuries. The probation officer then recommended a six-level increase for Johnson's knowledge that he assaulted a law enforcement officer during the course of the offense in a manner that created substantial risk of bodily injury. The probation officer finally recommended a three-level reduction for acceptance of responsibility, for a total offense level of 40.

Johnson's prior criminal record included convictions for second degree murder, using a firearm in a threatening manner while committing murder, failing to appear for a scheduled court proceeding, and misdemeanor assault and battery. Johnson's prior convictions resulted in a total of five criminal history points. Two additional points were added because Johnson committed the current offense while on parole. Johnson's total criminal history score placed him in a criminal history category of IV. Johnson's resulting advisory guidelines range was 360 months to life

imprisonment.  However, due to the statutory maximum of ten years, the guidelines range was 120 months.  U.S.S.G. § 5G1.1(a).

The district court sentenced Johnson to 120 months' imprisonment.  Johnson timely noted an appeal; he argues on appeal that his sentence was unreasonable because his advisory guidelines range was established by uncharged conduct.  For the reasons that follow, we affirm.

A sentencing court may rely on uncharged facts in determining an appropriate sentence within the statutory range.  United States v. Booker, 543 U.S. 220, 233 (2005).  After Booker, a sentencing court continues to make those factual findings concerning sentencing factors by a preponderance of the evidence.  United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005), cert. denied, 127 S. Ct. 121 (2006).  Moreover, long-standing authority has permitted the sentencing court to consider any evidence at sentencing that "has sufficient indicia of reliability," see U.S.S.G. § 6A1.3(a), including "conduct underlying [an] acquitted charge, so long as that conduct has been proved by a preponderance of the evidence."  United States v. Watts, 519 U.S. 148, 156-67 (1997) (per curiam); United States v. Montgomery, 262 F.3d 233, 249 (4th Cir. 2001).

Here, the relevant guidelines range was the statutory maximum provided by 18 U.S.C. § 922(g).  See United States v. Hughes, 401 F.3d 540, 545-46 (4th Cir. 2005).  Johnson's sentence

fell within the statutory maximum of ten years imprisonment, and therefore, the district court's factual determinations by a preponderance of the evidence in calculating Johnson's advisory guidelines range did not violate his Fifth and Sixth Amendment rights. Apprendi v. New Jersey, 530 U.S. 466 (2000); Morris, 429 F.3d at 72.

Additionally, Johnson's sentence was procedurally and substantively reasonable. Following Booker, this court reviews a sentence for reasonableness. Booker, 543 U.S. 220; Hughes, 402 F.3d at 546-47. In imposing sentence after Booker, sentencing courts must calculate the appropriate advisory guidelines range by making any necessary factual findings. United States v. Moreland, 436 F.3d 424, 432 (4th Cir. 2006). The court should then consider the resulting advisory guidelines range in conjunction with the factors set out in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007) and determine an appropriate sentence. United States v. Davenport, 445 F.3d 366, 370 (4th Cir. 2006). A sentence within a properly calculated advisory guidelines range is presumptively reasonable. Rita v. United States, 127 S. Ct. 2456, 2462-63 (2007).

The district court properly determined Johnson's advisory guidelines range. Moreover, Johnson's sentence was substantively reasonable. In the course of illegally possessing a firearm, Johnson shot a North Carolina State Trooper multiple times,

inflicting life-threatening injuries on him.  Also, as noted above, Johnson's criminal history includes numerous serious offenses.

Accordingly, we affirm the judgment of the district court.  We dispense with oral argument as the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>